IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BENJAMIN ORR WHITE, | ) | Civ. No. 12-00406 JMS-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | (1) MOTION TO DISQUALIFY |
| vs. | ) | LOCAL COUNSEL FOR |
| | ) | PROGRAMMING MEDIA |
| TIME WARNER CABLE, ET AL., | ) | DEFENDANTS AND (2) MOTION |
| | ) | OF RECONSIDERATION TO |
| Defendants. | ) | INCREASE THE AWARD FOR |
| | ) | COST AND FEES OF SERVICE |
| | ) | AND TO FILE |
| | ) | ELECTRONICALLY |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S (1) MOTION TO DISQUALIFY LOCAL COUNSEL FOR PROGRAMMING MEDIA DEFENDANTS AND (2) MOTION OF RECONSIDERATION TO INCREASE THE AWARD FOR COST AND FEES OF SERVICE AND TO FILE ELECTRONICALLY

Before the Court are Plaintiff's (1) Motion to Disqualify Local Counsel for Programming Media Defendants (Doc. 59) and (2) Motion of Reconsideration To Increase the Award for Cost and Fees of Service and To File Electronically (Doc. 75).  The Court DENIES these Motions.[1]

---

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

I.        Motion to Disqualify Local Counsel

Plaintiff seeks to disqualify Cades Shutte LLP from representing Defendants in this case based on "a possible conflict of interest between the Plaintiff's familial relations and [Cades Shutte]."  (Doc. 59 at 3.)

Motions to disqualify counsel are "subjected to particularly strict judicial scrutiny."  Optyl Eyewear Fashion Int'l Corp. v. Style Cos., 760 F.2d 1045, 1050 (9th Cir. 1985) (quotations omitted).  Disqualification is a "drastic measure which courts should hesitate to impose except when absolutely necessary."  Schiessle v. Stephens, 717 F.2d 417, 420 (7th Cir. 1983).

The party seeking disqualification "carries a heavy burden and must satisfy a high standard of proof because of the potential for abuse."  In re Marvel, 251 B.R. 869, 871 (N.D. Cal. 2000).  A motion for disqualification "should not be decided on the basis of general and conclusory allegations."  Chuck v. St. Paul Fire & Marine Ins. Co., 606 P.2d 1320, 1325 (Haw. 1980).  A court's factual findings for disqualification must be "supported by substantial evidence."  Visa U.S.A. v. First Data Corp., 241 F. Supp. 2d 1100, 1104 (N.D. Cal. 2003).

The Hawaii Rules of Professional Conduct govern Plaintiff's conflict of interest arguments, but they do not support disqualification because no conflict of interest exists.  See HRPC Rules 1.7 & 1.9.  Cades Shutte has not represented

Plaintiff in any capacity before and has not represented Plaintiff's parents in an individual capacity, other than representing Plaintiff's father in a litigation involving unrelated employment matters over fifteen years ago.  Cades Shutte's representation of the "Arcadia family of companies" and Sacred Hearts Academy has nothing to do with this case, and creates no conflict of interest.  Because Plaintiff fails to meet his "heavy burden and . . . high standard of proof" to show that disqualification is proper, Plaintiff's request to disqualify Cades Shutte is DENIED.  See In re Marvel, 251 B.R. at 871.

II.         Motion for Reconsideration

    A.    Fees and Costs of Service

Plaintiff previously filed a Motion for Fees and Costs to Serve Complaint, in which he sought to recover amounts he incurred in serving Defendants Hearst Television Inc. and KITV-TV.  (Doc. 20.)  Plaintiff initially requested an "estimated" $185 in fees and costs to serve these Defendants.  (Id. ¶¶ 10-11.)  Plaintiff later filed a supplemental memorandum, specifying the actual amounts he incurred for serving these Defendants.  (Doc. 54 at ¶¶ 8-10.)  In that memorandum, Plaintiff states:  "The fees and cost to serve Hearst Television Inc. . . . was $440. . . .  The fees and cost to serve KITV-TV in Honolulu, Hawaii was $156.10."  (Id.)  After holding a hearing on Plaintiff's request for fees and costs,

the Court granted Plaintiff $185, the initial amount requested, in fees in costs. (Doc. 62.)

Plaintiff now seeks reconsideration of that award amount, asking the Court to award him an additional $59.59 for serving Defendant Hearst Television Inc. According to documents filed by Plaintiff, he paid both NY Server LLC <u>and</u> the U.S. Marshals Service to serve Defendant Hearst Television Inc. (Docs. 54, 65.) Additionally, he paid NY Server LLC for "expedited attempts" at service. (Doc. 54.) In support of Plaintiff's initial request for fees and costs, he represented that "[t]he fees and cost to serve Hearst Television Inc. and its' registered agent in New York, New York was $440.00." (Doc. 47 at ¶ 8.) Plaintiff's Exhibits clarified that $290 was paid to NY Server LLC and $150 was paid to the Marshals Service, for a total cost of $440. The Court decided to award Plaintiff a fraction of those costs. Furthermore, the Court notes that it denied Plaintiff's request to proceed *in forma pauperis* in this case because he did not financially qualify for such status. Had he qualified, the Court would have served Defendants at no cost to Plaintiff. However, because Plaintiff is not proceeding *in forma pauperis* and because the Court already awarded Plaintiff costs for serving Defendant Hearst Television, Inc., the Court DENIES Plaintiff's request for an increase of that award.

B.     Electronic Filing

Plaintiff also moves for reconsideration of this Court's denial of his request to file electronically.  In its Order Denying Application for Permission to File Electronically, the Court reasoned:

> The Court denies this application because electronic filing is limited to attorneys that have undergone specialized training in the electronic filing system. Because Plaintiff is not an attorney that has undergone such specialized training, his motion is DENIED.

(Doc. 14 at 1.)

Plaintiff now argues that he is "willing and ready to enroll in the special training required of attorneys" and that allowing him to electronically file pleadings would prevent an "unfair advantage in the filing of documents for the court's attention and consideration." (Doc. 75 at ¶ 4.)  However, the Court reiterates that "electronic filing is limited to attorneys" and, therefore, Plaintiff's request is DENIED because he is not an attorney.

Further, regarding the Stipulation of Electronic Service Between Plaintiff and Cable Operator Defendants, the Court notes that Plaintiff and certain Defendants have agreed that "the primary method of serving the parties respectively will be electronically." (Doc. 85 at ¶ 2.)  Although the Court's CM/ECF electronic system generates e-mail notices (Notice of Electronic Filing)

when pleadings are filed in a case, the Court clarifies that the parties who signed this Stipulation may not rely on the e-mails generated through the CM/ECF system to constitute service of documents.  Rather, the parties must e-mail each other documents for service to be effected.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's (1) Motion to Disqualify Local Counsel for Programming Media Defendants (Doc. 59) and (2) Motion of Reconsideration To Increase the Award for Cost and Fees of Service and To File Electronically (Doc. 75).

DATED:  Honolulu, Hawaii, February 27, 2013.

IT IS SO ORDERED.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

White v. Time Warner Cable, et al., Civ. No. 12-00406 JMS-BMK; ORDER DENYING PLAINTIFF'S (1) MOTION TO DISQUALIFY LOCAL COUNSEL FOR PROGRAMMING MEDIA DEFENDANTS AND (2) MOTION OF RECONSIDERATION TO INCREASE THE AWARD FOR COST AND FEES OF SERVICE AND TO FILE ELECTRONICALLY

6